FILED & ENTERED

JAN 13 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY johnson DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re CENTRAL METAL, INC.,<br><br>Debtor-in-Possession. | Case No. 2:10-bk-10642 VZ<br><br>Chapter 11<br><br>**ORDER:**<br><br>**(1) REQUIRING DEBTOR-IN-POSSESSION TO FILE REPORT ON STATUS OF REORGANIZATION CASE;**<br>**(2) SETTING HEARING ON STATUS OF REORGANIZATION CASE; and**<br>**(3) ESTABLISHING PROCEDURE FOR REQUESTING APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN**<br><br>Chapter 11 Status Conference Date<br>Date:    February 25, 2010<br>Time:    9:30 a.m.<br>Place:   Courtroom 1368<br>             Roybal Federal Building<br>             255 E. Temple Street<br>             Los Angeles, CA 90012 |

On January 8, 2010, CENTRAL METAL, INC. ("Debtor" or "Debtor-in-Possession") filed a voluntary chapter 11 bankruptcy case. To expedite the disposition of this bankruptcy case, establish early and continuing control so that the case will not be protracted because of lack of management and to discourage wasteful pre-confirmation activities, **I ORDER THE FOLLOWING:**

## I. STATUS REPORT

The Debtor shall file with the court, serve a judge's copy to chambers, and serve on the United States Trustee, all secured creditors, the holders of the twenty (20) largest unsecured claims and all official committees by **February 11, 2010**, a report on the status of this reorganization case (the "Status Report").  The Status Report must be supported by admissible evidence in the form of declarations and supporting documents and must:

A.  Explain why a disclosure statement has not been filed and served and provide an estimate as to when it will be filed and served;

B.  State when a deadline for the filing of claims and a deadline for filing and serving objections to claims and if these deadlines should be set;

C.  Disclose whether Debtor has performed all of its duties under 11 U.S.C. §§ 521, 1106 and 1107 and if not, why;

D.  Describe concisely the post-petition operations of the Debtor, litigation in which the Debtor is involved and the status of the Debtor's efforts to reorganize;

E.  Disclose whether Debtor has hired any professionals and, if so, whether the professional's employment has been approved by the Court.  If such employment has not been approved, then explain why; and provide a budget of estimated fees and expenses to be incurred by the professionals employed at the expense of the estate.  The budget should include all the information indicated in the "Instructions for the Professional Compensation and Fee Budget" located on the Court's website.  The address is www.cacb.uscourts.gov**.**  In order to access the instructions, click on:

**(1) On Main Page, select INFORMATION;**

**(2) Under the 3rd Column, "JUDGES' PROCEDURES/INFORMATION – INDIVIDUAL JUDGES," select ZURZOLO, V.; and**

**(3) Select FORMS/ INSTRUCTIONS/PROCEDURES/SELF CALENDARING.**  Download and print out the "Instructions for the Professional Compensation and Fee Budget".

**If you do not have access to a computer, the Bankruptcy Court Clerk's Office, located in Room 940 of the Roybal Federal Building at 255 E. Temple Street, Los Angeles, CA, 90012, has computers for public use from which you may view, download and print court documents.  Use of the computers is free of charge; there is a charge for printing of documents.**

## II.  STATUS REPORT HEARING

I will conduct a hearing regarding the Status Report on **February 25, 2010 at 9:30 a.m. at Ctrm 1368, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012**.  If the Debtor does not file a Status Report and appear at the Status Report hearing I may order: (1) the appointment of a trustee pursuant to 11 U.S.C. § 1104(a); (2) the conversion of the case to one under Chapter 7; or (3) the dismissal of the case.  If a Status Report is filed and served timely, at the Status Report hearing I will ordinarily: (1) set deadlines for filing and objecting to claims; (2) set a deadline for assuming or rejecting executory contracts and unexpired leases pursuant to 11 U.S.C. § 365; (3) set a budget for fees and costs under 11 U.S.C. §§ 330 and 331; (4) set deadlines for entry of an order approving a Disclosure Statement and entry of an order confirming a plan; (5) set a hearing on a motion to approve a disclosure statement; and (6) order that this case be converted or dismissed if these deadlines are not met by the Debtor.

## III.  STANDARDS FOR EMPLOYMENT AND FEE APPLICATIONS

Please be advised that I have promulgated standards that I will apply in considering employment applications under 11 U.S.C. § 327 and fee applications under 11 U.S.C. §§ 330 and 331.  The standards are set forth on the Court's website under "Notice of Amended Standards to be Employed in the Review of Applications for Authorization of Employment on Employment of Professionals" and "Notice of Standards to be Employed in the Review of Applications for the Allowance of Compensation and the Reimbursement of Expenses".  (See paragraph I(e) above for instructions on how to access these documents.)  Please read them carefully before preparing or filing any such applications.

**IV. DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURE**

  A. Requests for orders approving disclosure statements pursuant to 11 U.S.C. § 1125 and for orders confirming a plan of reorganization pursuant to 11 U.S.C. § 1129 are motions within the meaning of Bankruptcy Rules 9013 and 9014.  All motions must be supported by evidence admissible under the Federal Rules of Evidence.

  B. **Located on the Court's website is also a document entitled "Reading Guide to  Disclosure Statement and Plan of Reorganization".**  (See paragraph I(e) above for instructions on how to access these documents.)  **Unless the Court orders otherwise upon request, the Proponent of any plan shall use this document as their disclosure statement and plan.**  The disclosure statement itself must not be served on creditors for the purpose of soliciting votes on a proposed plan before it is approved by the Court.  See Fed. R. Bankr. P. 3017.

  C. **Any party wishing to propose a Plan of Reorganization may access the "Reading Guide to Disclosure Statement and Plan of Reorganization" through the court's website.**  (See paragraph I(e) above for instructions on how to access these documents.)

  D. After granting a Disclosure Statement Motion, I shall:

   (1) Set a deadline for the service of the approved disclosure statement and notice of pertinent deadlines and hearing dates;

   (2) Set deadlines for filing of claims and objecting to claims if not already  set;

   (3) Set the effective date for the proposed plan;

   (4) Set a deadline for creditors and equity security holders to transmit ballots and preliminary objections to confirmation to proponent and proponent's attorney; and

   (5) Set a deadline for filing with the court, submission of a file-stamped courtesy copy to my chambers, and service of the proponent's motion for an order confirming the proposed plan of reorganization (the "Confirmation Motion").

  E. The Confirmation Motion must be prepared, filed and served on the U.S. Trustee, any creditor or equity security that qualifies and has requested special notice under Fed. Rule

Bankruptcy Procedure Rule 2002(i), any party that has timely filed and served a preliminary objection to confirmation by the balloting deadline, and any party that has voted against the proposed plan. A judge's copy must also be served. The Confirmation Motion must meet at least the following criteria:

  (1) The Confirmation Motion must be supported by evidence establishing that the plan is confirmable under 11 U.S.C. § 1129;

  (2) The Confirmation Motion must be served at least 21 days before the confirmation hearing on the United States Trustee, any official committee, and all creditors and equity security holders who reject the plan or who served on the proponent a preliminary objection to confirmation; and

  (3) The plan proponent must serve with the Confirmation Motion a notice of the confirmation hearing date and of the requirement that any party opposing the Confirmation Motion must file and serve at least 14 days before the confirmation hearing date its written opposition supported by evidence.

**IT IS FINALLY ORDERED** that failure to comply with any provision of this order may be deemed consent to the conversion or dismissal of this case.

###

DATED: January 13, 2010

United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER: (1) REQUIRING DEBTOR-IN-POSSESSION TO FILE REPORT ON STATUS OF REORGANIZATION CASE; (2) SETTING HEARING ON STATUS OF REORGANIZATION CASE; and (3) ESTABLISHING PROCEDURE FOR REQUESTING APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **1/12/10**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

*(See NEF for confirmation of electronic transmission)*

**U.S. Trustee**: ustpregion16.la.ecf@usdoj.gov, dare.law@usdoj.gov
**Debtor's Proposed Counsel**: Juliet Oh, jyo@lnbrb.com, Monica Kim, myk@lnbrb.com


**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

*(Served by Court Staff, not the Bankruptcy Noticing Center)*

**Debtor:**
Central Metal, Inc.
8201 Santa Fe Avenue
Huntington Park, CA 90255