1 | MONICA Y. KIM (SBN 180139)
2 | JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3 | 10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
4 | Telephone: (310) 229-1234
Facsimile: (310) 229-1244
5 | Email: myk@lnbrb.com, jyo@lnbrb.com

6 | Proposed Attorneys for Chapter 11 Debtor
7 | and Debtor in Possession

**FILED & ENTERED**

**JAN 22 2010**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY lewis    DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-bk-10642-VZ |
| CENTRAL METAL, INC., a California corporation, | Chapter 11 |
| Debtor. | **ORDER:** |
| | **(A) GRANTING DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; AND** |
| | **(B) APPROVING STIPULATION BETWEEN DEBTOR AND CENTER BANK REGARDING INTERIM USE OF CASH COLLATERAL** |
| | DATE: January 14, 2010
TIME: 11:00 a.m.
PLACE: Courtroom 1368
255 E. Temple Street
Los Angeles, California |

1

1    A hearing was held on January 14, 2010, at 11:00 a.m., before the Honorable Vincent P.
2    Zurzolo, United States Bankruptcy Judge for the Central District of California, in Courtroom
3    "1368" located at 255 East Temple Street, Los Angeles, California, to consider (A) the
4    emergency motion (the "Emergency Motion") filed by Central Metal, Inc., a California
5    corporation (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter
6    11 bankruptcy case, for the entry of an order, pursuant to 11 U.S.C. § 363(c), authorizing the
7    Debtor to use cash collateral on an emergency interim basis pending a final hearing in
8    accordance with the Debtor's operating budget (the "Budget"), a copy of which is attached as
9    Exhibit "1" to the Declaration of Suk Won Byun (the "Byun Declaration") annexed to the
10    Emergency Motion; and (B) the stipulation entered into by and between the Debtor and Center
11    Bank regarding interim use of cash collateral ("the "Stipulation").  Appearances at the hearing on
12    the Motion were made as set forth on the record of the Court.

13    The Court, having considered the Emergency Motion and all papers filed by the Debtor
14    in support of the Emergency Motion, the Stipulation, and the oral arguments and statements of
15    counsel made at the hearing on the Emergency Motion, proper notice of the Emergency Motion
16    and the hearing on the Emergency Motion having been provided, and good cause appearing
17    therefor,

18    IT IS HEREBY ORDERED AS FOLLOWS:

19    A.    The Stipulation is approved, subject to the modifications set forth in this Order.

20    B.    Paragraph 2 of the Stipulation [on page 8 of the Stipulation] shall be replaced and
21    superseded by the following:

22        "2.    Use of Cash Collateral.  Subject to the other provisions of this
23        Stipulation, including the extension provision at paragraph 21 below,
24        the parties hereto agree that effective January 14, 2010 until the earlier
25        of February 18, 2010, or entry of order of dismissal of this case, or
26        until termination as set forth in paragraph 9 below, the Debtor may use
27        Cash Collateral, on the following terms and conditions:"

28

2

1  C. Paragraph 2(B) of the Stipulation [on page 9 of the Stipulation] shall be replaced
2  and superseded by the following:

3  "B. The Debtor shall have the right to use Cash Collateral during
4  the period covered by this Stipulation to pay expenses which are not
5  contained in the Budget or in amounts which are greater than as set
6  forth in the Budget (subject to the permitted 10% deviance) with the
7  prior written consent of Lender without the need for any further Court
8  order.  If the Lender does not consent, the Debtor reserves the right to
9  request to schedule an emergency hearing for Court authority to pay
10  such expenses on two (2) business days' notice."

11  D. Paragraph 2(C) of the Stipulation [on page 9 of the Stipulation] shall be replaced
12  and superseded by the following:

13  "C. The Debtor shall pay the sum of $30,000 to Lender on each of
14  the following dates:  January 19, 2010, January 25, 2010, February 1,
15  2010, February 8, 2010, and February 16, 2010, for payments totaling
16  $150,000, until the termination of the Stipulation pursuant to
17  paragraph 9 of the Stipulation."

18  E. Paragraph 8 of the Stipulation [on page 12 of the Stipulation] shall be replaced
19  and superseded by the following:

20  "8. <u>Default</u>.  If Debtor fails to perform fully and timely any
21  provision, term or condition of this Stipulation, Debtor shall be in
22  default under this Stipulation.  In the event that Lender asserts a
23  default by Debtor, it shall give written notice to Debtor of its assertion
24  and that Lender has withdrawn its consent to the use of Cash
25  Collateral.  Notwithstanding the foregoing, in the event Lender asserts
26  a default hereunder, Debtor shall have five (5) business days after
27  receipt of notice from Lender to cure any such default ("Cure Period").
28

|    |    |
|---|---|
| 1  | During the Cure Period, Debtor may use Cash Collateral, and the |
| 2  | Debtor shall have the right to request to schedule an emergency |
| 3  | hearing for continuing Court authority to use Cash Collateral during |
| 4  | the Cure Period on two (2) business days' notice. Notice of any |
| 5  | default, or any other notices required to be given hereunder, shall be |
| 6  | provided to Debtor by facsimile, personal or overnight delivery at the |
| 7  | following addresses, or at such other address(es) as Debtor may give to |
| 8  | Lender in writing: […]" |

F. Paragraph 9 of the Stipulation [on page 13 of the Stipulation] shall be replaced and superseded by the following:

"9. <u>Termination</u>. This Stipulation (including Lender's consent to use of Cash Collateral) shall terminate at the first to occur of (i) upon the expiration of the Cure Period; (ii) Trustee's Sale after grant of relief from stay to Lender or any junior lienholder; (iii) conversion, dismissal or closing of this case, for any reason whatsoever; or (iv) February 18, 2010, unless such date is extended pursuant to paragraph 21 of this Stipulation."

G. As it relates to creditors other than Center Bank who assert liens in the Debtor's cash collateral, the Emergency Motion is granted and the Debtor is authorized to use cash collateral in accordance with the terms and conditions set forth in the Emergency Motion.

H. Subject to the terms of the Stipulation and this Order, the Debtor is authorized to use cash collateral through and including February 18, 2010 to pay all of the expenses set forth in the Budget, subject to a permitted deviance of up to 10% of the total expenses for any week, with any unused portions to be carried over into the following week.

I. As adequate protection for the cash collateral used by the Debtor from and after the commencement of the Debtor's bankruptcy case, and only to the extent that the cash collateral is used, Center Bank and KEB LA Financial Corp. (collectively, the "<u>Secured</u>

1   Creditors") shall have and are hereby granted, pursuant to 11 U.S.C. §§ 361 and 363(e) and
2   effective as of January 8, 2010, the date of the filing of the Debtor's bankruptcy case,
3   replacement liens on, and security interests in, the Debtor's assets, including post-petition cash
4   collateral but excluding avoidance causes of action, with such replacement liens and security
5   interests to have the same extent, validity, and priority as the Secured Creditors' liens and
6   security interests existing prepetition in such assets.

7       J.    A further hearing regarding the Emergency Motion and the Debtor's continued
8   authority to use cash collateral will be held on February 16, 2010 at 1:30 p.m.

9       K.    The Debtor shall file with the Court its motion and any other papers to support the
10  Debtor's continued authority to use cash collateral (the "Supplemental Pleadings") by January
11  29, 2010. The Debtor shall provide courtesy copies of the Supplemental Pleadings to chambers,
12  and serve the Supplemental Pleadings on the Secured Creditors (and their counsel, if known), the
13  Office of the United States Trustee ("OUST") and any official committee appointed in the
14  Debtor's case so that the Supplemental Pleadings are received by all such parties by January 29,
15  2010.

16      L.    Any response to the Supplemental Pleadings must be filed with the Court by
17  February 9, 2010. A courtesy copy of the response must be provided to chambers, and served on
18  the Debtor, counsel for the Debtor, the Secured Creditors (and their counsel, if known), the
19  OUST and any official committee appointed in the Debtor's case so that such response is
20  received by all such parties by February 9, 2010.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

1

2    M.    The Debtor's reply to any response to the Supplemental Pleadings must be filed with the Court by 4:00 p.m. (PST) on February 11, 2010.  A courtesy copy of the Debtor's reply must be provided to chambers, and served on the Secured Creditors (and their counsel, if known), the OUST and any official committee appointed in the Debtor's case so that such response is received by all such parties by 4:00 p.m. (PST) on February 11, 2010.

###

DATED: January 22, 2010

_____
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as

**ORDER: GRANTING DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; AND APPROVING STIPULATION BETWEEN DEBTOR AND CENTER BANK REGARDING INTERIM USE OF CASH COLLATERAL**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On -----------------------I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 19, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

*By U.S. mail:*
*Office of the U.S. Trustee*
*20 largest unsecured creditors*
*Parties requesting notice*
*(See attached)*

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 15, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

*By attorney service:*
*The Honorable Vincent P. Zurzolo*
*255 East Temple Street*
*Los Angeles, CA 90012*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 19, 2010 | Marguerite Hardin | /s/ Marguerite Hardin |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| | | |
|---|---|---|
| **In re Central Metal, Inc.** | Central Metal, Inc. | U.S. Trustee |
| **Case No. 2:10-bk-10642-VZ** | 8201 Santa Fe Avenue | Ernst & Young Plaza |
| **20 Largest** | Huntington Park, CA 90255 | 725 S. Figueroa Street, 26th Floor |
| | | Los Angeles, CA 90017 |
| | | |
| Sun Construction | Bay City Trading | Zimex Logitech, Inc. |
| 26071 Hinckley Street | 2390 Crenshaw Blvd #319 | 5400 Orange Avenue, Suite 108 |
| Loma Linda, CA 92354 | Torrance, CA 90501 | Cypress, CA 90630 |
| | | |
| US Bank | American Express | |
| P.O. Box 790408 | P.O. Box 981535 | |
| Saint Louis, MO 63179 | El Paso, TX 79998 | |
| | | |
| **In re Central Metal, Inc.** | Central Metal, Inc. | U.S. Trustee |
| **Case No. 2:10-bk-10642-VZ** | 8201 Santa Fe Avenue | Ernst & Young Plaza |
| **Secured** | Huntington Park, CA 90255 | 725 S. Figueroa Street, 26th Floor |
| | | Los Angeles, CA 90017 |
| | | |
| American Honda Finance Corp. | Bank of America | Center Bank |
| P.O. Box 6070 | c/o Frandzel, Robbins, Bloom, | 3435 Wilshire Blvd., Suite 700 |
| Cypress, CA 90630-6070 | et al | Attn: Lisa K. Pai |
| | 6500 Wilshire Blvd., 17th Floor | Los Angeles, CA 90010 |
| | Los Angeles, CA 90048-4920 | |
| | | |
| Center Capital Corporation | Chase | GE |
| P.O. Box 330 | P.O. Box 78067 | 300 E. John Carpenter Fwy, 4th Fl. |
| Hartford, CT 06141 | Phoenix, AZ 85062-8067 | Attn: Rena Harris |
| | | Irving, TX 75062 |
| | | |
| H. West Equipment, Inc. | Lexus Financial Services | ~~People's Capital and Leasing Corp.~~ |
| 645 N. Main Street | P.O. Box 2991 | ~~255 Bank Street~~ |
| Orange, CA 92868-1103 | Mail Drop L201 | ~~Attn: Jeffrey A. Kennedy~~ |
| | Torrance, CA 90509 | ~~Waterbury, CT 06702-2219~~ |
| | | **Represented by counsel; see below** |
| The CIT Group/Equipment Financing | Wilshire State Bank | Counsel for Center Bank |
| 305 Fellowship Road, Suite 300 | Jennifer Kang, AVP & Loan Officer | Steven G. Polard, Esq. |
| Attn: Paul Plunkett | 3832 Wilshire Blvd. | Perkins Coie LLP |
| Mount Laurel, NJ 08054 | Los Angeles, CA 90010 | 1888 Century Park East, Ste 1700 |
| | | Los Angeles, CA 90067-1721 |

| | | |
|---|---|---|
| 1 | **Counsel for Peoples Capital & Leasing** | |
| | Richard A. Solomon, Esq. | |
| 2 | Solomon, Grindle, et al. | |
| | 12651 High Bluff Drive, #300 | |
| 3 | San Diego, CA 92130 | |
| 4 | In re Central Metal, Inc. | Central Metal, Inc. |
| | Case No. 2:10-bk-10642-VZ | 8201 Santa Fe Avenue |
| 5 | File No. 4516 | Huntington Park, CA 90255 |
| 6 | **RSN** | |
| 7 | **Counsel for Banc of America Leasing** | |
| 8 | Andre K. Alper Esq | |
| | Banc of America Leasing & Capital | |
| 9 | 6500 Wilshire Blvd., 17th Floor | |
| | Los Angeles, CA 90048 | |

9

| In re:                              |              | Chapter 11                  |
|-------------------------------------|--------------|-----------------------------|
| CENTRAL METAL, INC.                 | Debtor(s).   | Case No. 2:10-bk-10642-VZ   |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled

**ORDER: GRANTING DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING; AND APPROVING STIPULATION BETWEEN DEBTOR AND CENTER BANK REGARDING INTERIM USE OF CASH COLLATERAL**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of January 19, 2010 the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Andrew K Alper    aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com
- Jason E Goldstein    jgoldstein@buchalter.com, bkgroup@buchalter.com
- Monica Y Kim    myk@lnbrb.com
- Dare Law    dare.law@usdoj.gov
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Richard A Solomon    richard@sgsslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Scott H Yun    syun@stutman.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9021-1.1**

10