SCOTT H. YUN (State Bar No. 185190)
syun@stutman.com
CHRISTINE M. PAJAK (State Bar No. 217173)
cpajak@stutman.com
REBECCA S. REVICH (Stare Bar No. 264273)
rrevich@stutman.com
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone:  (310) 228-5600
Facsimile:  (310) 228-5788

[Proposed] Counsel for the Official
Committee of Creditors Holding Unsecured Claims

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CENTRAL METAL, INC.,<br><br>                    Debtor. | Case No. 2:10-bk-10642-VZ<br><br>Chapter 11<br><br>**REPLY TO CENTER BANK'S OBJECTION TO APPLICATION BY THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS TO EMPLOY STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION AS COUNSEL**<br><br><u>Hearing</u><br><br>Date:   March 2, 2010<br>Time:  11:00 a.m.<br>Place:  Courtroom 1368<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

536515v1

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; CENTER BANK; AND OTHER PARTIES IN INTEREST:**

The Official Committee of Creditors Holding Unsecured Claims (the "Committee") hereby submits its reply to the objection (the "Objection") filed by Center Bank [Docket No. 54] to the "Application By The Official Committee of Creditors Holding Unsecured Claims To Employ Stutman, Treister & Glatt Professional Corporation as Counsel" [Docket No. 51] (the "Application") as follows:

## I.

## INTRODUCTION

In the Objection, Center Bank raises only one argument against the employment of Stutman, Treister & Glatt Professional Corporation ("ST&G") as the counsel for the Committee: that ST&G's hourly rates are "unreasonably high". Center Bank's attempt to deprive the Committee of its choice of counsel is not only unsupported by law but unseemly. Case law is clear that, absent conflict of interest, committees formed under Bankruptcy Code section 1102 are entitled to choose counsel of their choice. A right of a party to choose counsel is fundamental, and the courts should not disturb that choice. The veiled attempt by Center Bank to deprive the Committee, its adversary, of its experienced counsel during the critical stage of this chapter 11 case should not be tolerated.

Objections related to hourly rates and the reasonableness of fees are also premature at the employment application stage. The approval of ST&G's employment does not mean that the Court has approved the reasonableness of ST&G's fees. To the extent that disputes arise over the reasonableness of fees, the Court will have ample opportunities to adjudicate them in the future.

Even if this was the right time to raise the objection over hourly rates, Center Bank has not provided any evidence or support for its contention that ST&G's hourly rates are "unreasonably high" or that there were any other law firms with lower hourly rates that were willing to undertake the representation of the Committee. As described in further detail below, the hourly rates of ST&G's attorneys who are primarily responsible for representing the Committee are comparable to the hourly rates of Levene, Neale, Bender, Rankin & Brill LLP ("LNBRB"), counsel for Central Metal, Inc. (the "Debtor'), and other Los Angeles based law firms who regularly practice

2

before the Court.  Because Center Bank failed to raise any legitimate objections to the employment of ST&G as counsel for the Committee, the Objection should be overruled and the Application should be granted.

## II.

## ARGUMENT

**A.     The Committee is Entitled to Choose Its Own Counsel.**

Under Bankruptcy Code section 1103(a), the Committee "may select and authorize the employment…of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."  11 U.S.C. § 1103(a).  Moreover, under Bankruptcy Code section 328(a), the Committee "may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions".  11 U.S.C. § 328(a).

In applying Bankruptcy Code section 1103(a), courts have held that, absent adverse material interest, a committee's selection of counsel should not be disturbed.  See In re Hecks, Inc., 83 B.R. 410, 416 (S.D. W.Va. 1988) (holding that a right of a party, in this case an equity committee, to select counsel should not be disturbed by the court); In re Caldor, Inc., 193 B.R. 165, 170 (Bankr. S.D.N.Y. 1996) (finding that public policy favors permitting parties to retain professionals of their own choice, as long as there's no conflict).  To the extent that there are any concerns over costs of retaining committee's professionals, the appropriate time to raise those issues is at the time of fee applications, not employment.  See In re Standard Steel Sections, Inc., 200 B.R. 511, 513-14 (S.D.N.Y. 1996).

In this case, the Committee met shortly after its formation and decided to retain ST&G as its counsel.  As set forth in the Application, the Committee's decision to retain ST&G was based on ST&G's extensive experience in representing debtors and committees in chapter 11 cases.  ST&G meets all the requirements for retention under Bankruptcy Code sections 327, 1103(a), 1104(b) and Bankruptcy Rule 2014.  In fact, neither Center Bank nor any other party in interest filed an objection alleging that ST&G is not well qualified or that ST&G holds an interest adverse to the estate.

3

536515v1

Public policy and well established case law dictate that the Committee's choice of counsel should not be disturbed. Historically, secured creditors and unsecured creditors are adversaries in bankruptcy cases, and it appears that the same will hold true in this case. It is completely improper for Center Bank to attempt to deprive the Committee of counsel of its choice by filing an objection to the Application during these early critical stages of the case. The fight over the use of cash collateral and Center Bank's motion for appointment of an examiner need to be briefed and argued over the next few weeks. It would be contrary to public policy to allow an adversary to dictate who the Committee should hire as counsel.

**B.      Center Bank's Objection is Premature and Completely Unsupported.**

The only argument raised by Center Bank in the Objection is that ST&G's hourly rates are "unreasonably high". Even if Center Bank's argument had any merit, the reasonableness of ST&G's hourly rates does not need to be determined at this time. As set forth in the Application, ST&G will seek compensation under Bankruptcy Code section 330 instead of Bankruptcy Code section 328. The Court, therefore, will have the opportunity, at the time of fee applications, to determine the reasonableness of ST&G's fees and costs.

Even if this issue was ripe for determination at this time, Center Bank has failed to provide any evidence to support its claim that ST&G's hourly rates are "unreasonably high". Contrary to the requirements of LBR 9013-1(i), Center Bank did not timely submit any declarations or other forms of admissible evidence to support its Objection. There is absolutely no evidence before the Court to support Center Bank's contention that ST&G's hourly rates are "unreasonably high". Neither the Court nor the Local Bankruptcy Rules permit the filing of surreplies. Center Bank had its opportunity to submit evidence at the time it filed the Objection. Now that the deadline to file objections to the Application has passed, Center Bank is prohibited from submitting evidence in support of its unfounded contention that ST&G's hourly rates are "unreasonably high".

On the contrary, abundant evidence exists to support the conclusion that ST&G's hourly rates are comparable to other Los Angeles based law firms that routinely practice before the Court. According to Exhibit "B" to the "Application of Debtor and Debtor in Possession to Employ Levene, Neale, B Bender, Rankin & Brill LLP" [Docket No. 2] (the "LNBRB Application"), a true

4

and copy of which is attached as Exhibit "1" to the accompanying Request for Judicial Notice, the hourly rates for Monica Y. Kim (1995) and Juliet Y. Oh (2000) of Levene, Neale, Bender, Rankin & Brill LLP ("LNBRB") are $540 and $485, respectively.  ST&G's hourly rates for the three attorneys primarily responsible for representing the Committee are $595 for Scott H. Yun (1996), $510 for Christine M. Pajak (2001), and $325 for Rebecca S. Revich (2007).  The hourly rates for LNBRB's associates range from $335 to $485 per hour, whereas the hourly rates for ST&G's associates and of counsel attorneys range from $325 to $575 per hour.   ST&G's hourly rates for attorneys who are primarily responsible for representing the Committee, therefore, are comparable to the hourly rates of LNBRB's attorneys.

In addition, even a cursory review of cases pending before the Court reveals that ST&G's hourly rates are comparable to the hourly rates charged by counsel for creditors committee in similar cases.  The creditors committee formed in In re Centerstone Diamonds, Inc., Case No. 2:09-bk-23944-VZ, retained Arent Fox LLP ("Arent Fox") as its counsel.  As set forth in Exhibit "3" to the first interim fee application filed by Arent Fox, a true and correct copy of which is attached as Exhibit "2" to the Request for Judicial Notice, the hourly rates charged by Arent Fox were $630 for Mette H. Kurth (1996), $525 for Aram Ordubegian (1996), and $395 for Andy S. Kong (2006).  Arent Fox's hourly rates are overall higher than ST&G's hourly rates.  Thus, contrary to Center Bank's unsupported allegations, ST&G's hourly rates do not appear "unreasonably high".

### III.
### CONCLUSION

Based on all of the foregoing, the Committee requests that the Court overrule the Objection of Center Bank and approve the Application.

DATED: February 16, 2010

*/s/ Scott H. Yun*
SCOTT H. YUN, a Member of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
[Proposed] Counsel for the Official Committee of
Creditors Holding Unsecured Claims

| In re: Central Metal, Inc., | Ch. 11 |
|---|---|
| Debtor(s). | Case No. 2:10-bk-10642-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **Stutman, Treister & Glatt, P.C., 1901 Avenue Of The Stars, 12th Floor, Los Angeles, CA 90067**.

The foregoing document described as **REPLY TO CENTER BANK'S OBJECTION TO APPLICATION BY THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS TO EMPLOY STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION AS COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 16, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

See following page.

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **February 16, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

See following page.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 02/16/2010 | Melissa Altamirano | /s/  Melissa Altamirano |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

536846v1

| In re: Central Metal, Inc., | Ch. 11 |
|---|---|
| Debtor(s). | Case No. 2:10-bk-10642-VZ |

## I. SERVICE BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Andrew K Alper on behalf of Creditor Banc of America Leasing & Capital, LLC
aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com

Dennis A Dressler on behalf of Creditor Center Capital Corporation
ddressler@dresslerpeters.com

Jason E Goldstein on behalf of Creditor CIT Group/Equipment Financing, Inc. c/o Buchalter Nemer
jgoldstein@buchalter.com, bkgroup@buchalter.com

Joon M Khang on behalf of Interested Party Jong Byun
joon@khanglaw.com

Monica Y Kim on behalf of Debtor Central Metal, Inc.
myk@lnbrb.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Juliet Y Oh on behalf of Debtor Central Metal, Inc.
jyo@lnbrb.com, jyo@lnbrb.com

Steven G Polard on behalf of Creditor Center Bank, a California state chartered bank
spolard@perkinscoie.com

Richard A Solomon on behalf of Creditor People's Capital & Leasing Corp.
richard@sgsslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Scott H Yun on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims
syun@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

536846v1

| In re: Central Metal, Inc., | Ch. 11 |
|---|---|
| Debtor(s). | Case No. 2:10-bk-10642-VZ |

## II. SERVICE BY U.S. MAIL

Debtor
Central Metal, Inc.
8201 Santa Fe Avenue
Huntington Park, CA 90255

Debtor's Counsel
Levene Neale Bender Rankin & Brill LLP
Attn: Monica Y. Kim / Julliette Oh
10250 Constellation Blvd., Suite 1700
Los Angeles, CA  90067

U.S. Trustee
Dare Law, Esq.
Ernst & Young Plaza
725 S. Figueroa St., 25th Fl.
Los Angeles, CA 90017

Committee
Sun Construction
Attn.: Young Choi
26071 Hinckley Street
Loma Linda, CA 92354

Committee
Bay City Trading
Attn.: David Lee
2885 W. 23rd Street
Torrance, CA 90505

Zimex Logitech, Inc.
5400 Orange Ave., Suite 108
Cypress, CA 90630

Bank of America
c/o Frandzel, Robbins, Bloom, etc.
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048-4920

Center Bank
Attn.: Lisa K. Pai
3435 Wilshire Blvd, Suite 700
Los Angeles, CA 90010

Counsel for Center Bank
Perkins Coie LLP
Attn: Steven G. Polard, Esq.
1888 Century Park E, Suite 1700
Los Angeles, CA 90067-1721

Committee
H. West Equipment, Inc.
Attn.: Kim Jaker
645 N. Main Street
Orange, CA 92868-1103

The CIT Group/Equipment Financing
Attn.: Paul Plunkett
305 Fellowship Road, Suite 300
Mount Laurel, NJ 08054

Wilshire State Bank
Jennifer Kang, AVP & Loan Officer
3832 Wilshire Blvd.
Los Angeles, CA 90010

Counsel for Peoples Capital & Leasing
Solomon, Grindle, etc.
Attn.: Richard A. Solomon, Esq.
12651 High Bluff Drive, Suite 300
San Diego, CA 92130

Counsel for Banc of America Leasing
Andre K. Alper, Esq.
Banc of America Leasing & Capital
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048

Committee
Noriyo Kida
13166 Alta Vista Way
Sylmar, CA 91342

## II. SERVICE BY OVERNIGHT COURIER SERVICE (FedEx)

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple St., Courtroom 1360
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*                                                                                                                                      **F 9013-3.1**
536846v1